The petitioner, who would be otherwise liable to perform military service in the Home Guard of the State, claims an exemption therefrom on the ground that he is a contractor with the Confederate Government to carry the mail over a route more than 10 miles long, in the county of Cabarrus.
It is contended for him, first, that he is an officer of the Confederate Government, and is, as such, expressly exempted in the act of the called session of the Legislature in July, 1863, ch. 10, "An act in relation to the Militia and a Guard for Home Defense"; secondly, that if not an officer, in the sense of that act, yet he has imposed upon him, by his contract with the Confederate Government, important public duties which require his personal attention, and which are incompatible with the duty of military service in the Home Guard.
The act establishing a Guard for Home Defense, in the second section, exempts, among other persons, "the civil and military officers of the Confederate Government," and the point raised upon the first ground taken for the petitioner is that he is a civil officer of that government. What is an office? It is said to be a place "where one man hath to do with another's affairs against his will and without his leave; and he who is in it is an officer. There is a difference between an office and an employment; every officer is an employment; but there are employments which do not come under the denomination of offices." 7 Bac. Abr., 279, Offices and Officers, Letter A. "Offices are distinguished into those (516) which are of a public and those which are of a private nature; and herein it is said that every man is a public officer who hath any duty concerning the public; and he is not the less a public officer where his authority is confined to narrow limits, because it is the duty of his office, and the nature of his duty, which makes him a public officer, and not the extent of his authority. Id., 280.
Taking this definition of offices and officers to be correct, the duty which is devolved upon a contractor to carry the mail must constitute him a civil officer of the Confederate States. He assumes the performance of certain services under the authority of the Confederate Government, and has the exclusive right to perform them, and to receive the compensation provided therefor. These services are of a public nature, and though the authority of the contractor may be confined to narrow limits, yet the services are of great importance to the public. He is, therefore, within the express terms of the exemption contained in the act *Page 333 
concerning the Home Guards. We are, therefore, unable to perceive any error in the judgment of discharge granted to the petitioner, by his Honor, JudgeHeath; and it must be affirmed with costs.
NOTE. — Sowers' case, ante, 384.